# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MYKAL S. RYAN,<br><br>　　　　　　　　　　Plaintiff,<br>　vs.<br><br>LEE M. QUICK, individually and as attorney representing the John and Christy Ryan Family Trust, and DOES 1 through 20, inclusive,<br><br>　　　　　　　　　　Defendants. | CASE NO. 11 CV 0688 MMA (BLM)<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**<br><br>[Doc. No. 4] |

Currently pending before the Court is Defendant Lee M. Quick's motion to dismiss Plaintiff Mykal S. Ryan's complaint under Federal Rule of Civil Procedure 12(b) for lack of personal jurisdiction, improper venue, and failure to state a claim. [Doc. No. 4.] Plaintiff did not file an opposition to Defendant's motion. On May 11, 2011, the Court in its discretion under Civil Local Rule 7.1(d)(1) found the motion suitable for decision on the papers and without oral argument. [Doc. No. 6.] For the reasons stated below, the Court **GRANTS** Defendant's motion to dismiss.

### DISCUSSION

On March 2, 2011, Plaintiff filed an action in the Superior Court for the State of California, San Diego County, alleging that Defendant Quick made defamatory statements about him during a deposition in March 2010, taken in connection with an earlier civil action initiated by Plaintiff in

1  the District Court for the Eastern District of Virginia.  [Doc. No. 1, Exh. A.]  Plaintiff also
2  summarily alleges Quick "and his agents contacted my federal government employer and my
3  Army Reserve employers and declared that I committed a crime (stole property and money) which
4  was a false allegation that resulted in the suspension of my TS/SCI security clearance and loss of
5  my position." [*Id*. at ¶22.]  Plaintiff seeks $1.5 million in compensatory and punitive damages.
6  [*Id*. at p.7.]

7        Plaintiff acknowledges Defendant Quick is a Virginia resident, and that the offending
8  conduct occurred in Virginia.  [*Id*. at ¶¶1, 14.]  Yet Plaintiff deems California an appropriate venue
9  for two reasons.  First, Plaintiff asserts he has lived in San Diego, California since 2007, and
10 therefore he has suffered personal injury in San Diego as a result of the defamatory comments
11 Quick allegedly made in Virginia.  [*Id*. at ¶9.]  Second, Plaintiff asserts he is "100% disabled" and
12 unable to travel, making San Diego the "legal, logical and reasonable place of venue."[1]  [*Id*. at
13 ¶¶10-12.]  In support, Plaintiff cites California Code of Civil Procedure, section 395(a), which
14 states in part, that in personal injury actions venue may be proper where the injury occurs.  [*Id*. at
15 ¶¶8-9.]  On April 5, 2011, however, Defendant Quick removed the state action to this Court based
16 on diversity jurisdiction under 28 U.S.C. § 1332.  [Doc. No. 1.]  28 U.S.C. § 1391(a) governs the
17 proper venue in actions based on diversity.  Under section 1391(a), generally, actions based on
18 diversity may only be brought in:

19
20      (1) a judicial district where any defendant resides, if all defendants
    reside in the same State, (2) a judicial district in which a substantial
21  part of the events or omissions giving rise to the claim occurred, or a
    substantial part of property that is the subject of the action is situated,
22  or (3) a judicial district in which any defendant is subject to personal
    jurisdiction at the time the action is commenced, if there is no district
    in which the action may otherwise be brought.
23

24 28 U.S.C. § 1391(a).  Here, the face of Plaintiff's complaint indicates Defendant resides in
25 Virginia, the allegedly wrongful actions occurred in Virginia, and Defendant has had no contact
26 _____

27     [1] Plaintiff's complaint does not indicate how he is disabled.  However, the Court notes Plaintiff
   has filed several other actions in the Southern District of California in which he asserts he suffers from
28 Post Traumatic Stress Disorder (PTSD).  *See, e.g.*, *Ryan v. Hyden*, case no. 10cv1206; *Ryan v. Quick*,
   case no. 10cv1326, *Ryan v. Hyden*, case no. 10cv1092.

with California upon which personal jurisdiction could be based. The complaint therefore provides no indication venue is proper in the Southern District of California under section 1391(a).

The Ninth Circuit has held a district court may properly grant an unopposed motion to dismiss pursuant to a local rule where the local rule permits, but does not require, the granting of a motion for failure to respond. *See generally, Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995). Local Civil Rule 7.1(f)(3)(c) provides that "[i]f an opposing party fails to file papers in the manner required by Local Rule 7.1(e)(2), that failure may constitute a consent to the granting of that motion or other ruling by the court." As such, the Court has the option of granting Defendant's motion on the basis of Plaintiff's failure to respond, and it chooses to do so.

Generally, public policy favors disposition of cases on their merits. *See, e.g., Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998). However, a case cannot move forward toward resolution on the merits when the plaintiff fails to defend his case against a Rule 12(b) motion. Thus, this policy lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes or completely prevents progress in that direction. *See In re Eisen*, 31 F.3d 1447, 1454 (9th Cir. 1994). In addition, management of this Court's docket is of vital significance to the proper and timely resolution of matters before it. Consequently, the Court finds dismissal pursuant to Civil Local Rule 7.1(f)(3)(c) serves to facilitate the management of its docket in light of the fact that the complaint, on its face, demonstrates no plausible ground for jurisdiction over this out-of-state Defendant, nor venue in the Southern District of California.

Lastly, the Court notes that although Plaintiff did not oppose Defendant's motion to dismiss, on May 13, 2011, Plaintiff filed a request for "Judicial Notice to Defamation in Filing and Objection to Transferring Cases to One Court." [Doc. No. 7.] Because Plaintiff's filing does not request the Court take judicial notice of any identifiable material, Plaintiff's request for judicial notice is **DENIED**. Instead, Plaintiff objects to Defendant's notice of related cases [Doc. No. 5], including Defendant's characterization and summary of nine cases Plaintiff has filed in the Southern District of California from July 2009 to present. Plaintiff further objects to Defendant's request that six open matters be transferred to a single court pursuant to Civil Local Rule 40.1(h).

1  Plaintiff asserts "[t]he Defendants are co-conspirators and consolidating the cases to one Court
2  would deny me the opportunity to unravel the conspiracy and would allow the Defendants an
3  opportunity to work together and to cover-up their wrongdoing." [Doc. No. 7, ¶25.] Under Local
4  Rule 40.1(h), related cases can be transferred to a single district judge and single magistrate judge
5  "to avoid unnecessary duplication of judicial effort." Plaintiff does not, however, address whether
6  judicial economy will be served by transferring Plaintiff's related cases to one court. Rather,
7  Plaintiff summarily asserts transfer will facilitate an alleged conspiracy against him. Upon
8  consideration of the existing record before the Court, and the fatal jurisdictional deficiencies of
9  Plaintiff's current complaint before the undersigned, the Court overrules without prejudice
10 Plaintiff's conclusory objections to Defendant's request to transfer related cases in accordance
11 with Local Rule 40.1(h). The Court expresses no opinion, however, regarding the propriety of any
12 transfers in the remaining open cases.

### CONCLUSION

14 For the reasons set forth above, the Court **GRANTS** Defendant's motion to dismiss, and
15 Plaintiff's claims are dismissed without prejudice. Plaintiff is not, however, granted leave to
16 amend because venue for this action is not proper in the Southern District of California, and the
17 Court lacks personal jurisdiction over Defendant Quick. Accordingly, the Clerk of Court is
18 instructed to terminate this case.

19 **IT IS SO ORDERED.**

21 DATED: May 17, 2011

*[signature: Michael M. Anello]*

Hon. Michael M. Anello
United States District Judge